# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2259 | **DATE** | April 15, 2013 |
| **CASE TITLE** | Paul Anthony Boron (R-67726) vs. John Smith, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Taylorville Correctional Center. The complaint is dismissed for failure to state a claim upon which this court can grant relief. *See* 28 U.S.C. § 1915A. Plaintiff's motion for the assistance of counsel [4] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Paul Anthony Boron, a Taylorville Correctional Center inmate, has filed a 42 U.S.C. § 1983 civil rights action in this court. He alleges that, in 2002, he was arrested by Poson, Illinois police officers for burglary. An intake officer, John Smith, mistakenly entered incorrect information in state and federal databases indicating that Plaintiff had been arrested for murder. Plaintiff states that his character was defamed and he was unable to obtain a job due to the mistake.

Plaintiff's *in forma pauperis* application demonstrates that he is unable to prepay the filing fee. The court grants his motion for leave to proceed *in forma pauperis* and assesses an initial filing fee of $14.00. The inmate trust account officer at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this case. Plaintiff shall remain responsible for the filing fee obligation, and Taylorville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.

Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed in this court. Under 28 U.S.C. § 1915A, this court must review every complaint filed by an inmate and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages against a party immune from such damages. In this case, notwithstanding the fact that the complaint may be untimely, Plaintiff's allegations fail to state a claim for this court. Though he has filed a federal civil rights suit, he alleges only state law claims.

## STATEMENT

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). To establish a constitutional violation, a plaintiff must allege facts indicating that the officer acted with deliberate indifference, i.e., that the officer actually knew of and deliberately disregarded a risk of injury to the plaintiff. *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000), citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither negligence nor gross negligence is sufficient. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). In this case, Plaintiff describes only inadvertent acts by the intake officer. While negligence may support a claim in state court, it does not give rise to a federal cause of action.

Similarly, Plaintiff's allegations of defamation at most assert only a state-law claim. *Paul v. Davis*, 424 U.S. 693 (1976). Slander and defamation are not actionable as constitutional claims, even when committed by a state actor. *Id.* at 702 ("the weight of our decisions establishes no constitutional doctrine converting every defamation by a public official into a deprivation of liberty"). Plaintiff's defamation claim against the intake officer states no § 1983 claim. *Id.*; *see also Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 262 (7th Cir. 1999).

Accordingly, the court dismisses this case. The dismissal is without prejudice to Plaintiff raising his claims in state court, if he is able to do so. The case in this court, however, is closed.